A. L. GAINES *v.* PAGE, BACON & CO.—S. L. M. BARLOW, Intervenor.

A copy of an assignment under private act which is in existence, and under the control of the party in whose favor it is made, is not admissible in evidence.

An intervenor must always be ready to exhibit his evidence ; he cannot be permitted to retard the principal suit.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J.
Dwight Martin, for plaintiff. *Waples & Eustis* and *Charles B. Singleton,* for garnishees. *Benjamin, Bradford & Finney,* for intervenor, appellant.

COLE, J. The facts of this case are stated in the reasons for judgment assigned by the Judge of the District Court :

" The plaintiff, *A. L. Gaines,* attached funds in the hands of *James Connolly & Co.,* as property of the defendants, *Page, Bacon & Co.*

*William Frisby* attached funds in the Sixth District Court of New Orleans, in the hands of *James Connolly & Co.,* as the property of *Page, Bacon & Co.,* and obtained judgment for $2,500 and costs, with privilege on the property attached ; the rights of the various parties claiming said funds to be ascertained contradictorily in the suit of *A. L. Gaines* v. *Page, Bacon & Co.,* in this court.

There is no dispute between the two attaching creditors, *A. L. Gaines* and *William Frisby,* the former having first attached the funds.

The controversy is between the two attaching creditors and the assignee of the defendants, *S. L. M. Barlow,* the latter having intervened and claiming the funds by virtue of an assignment executed in New York on the 3d of April, 1855.

It appears from the assignment and from the testimony of the subscribing

witnesses, that only one member of the firm of *Page, Bacon & Co.* signed this deed of assignment, and the question arises, whether one member of a firm can make such an assignment, without showing the authority or consent of the other partners, which has not been proved in this case.

I am satisfied, that under the laws of New York, as expounded by the highest tribunal of that State, such an assignment is invalid, and if it be without effect at the place of its execution, it is inoperative every where, and, therefore, I consider that the property has not been divested out of the firm of *Page, Bacon & Co.*, and that the assignee acquired no title under this assignment. 3 Sanford S. C. 284, 293 ; 3 Law Reporter (United States) 589 ; 17 Vermont (2 Washburn) 396."

From the judgment in pursuance of these reasons, the assignee has appealed.

A copy of the assignment is in evidence, with the depositions of three witnesses, practicing lawyers in the city of New York, who prove its execution and delivery, and state, that in their opinion, the assignment is in accordance with the laws of the State of New York as to form, and legal and valid both in form and substance, under the laws of that State.

No opposing evidence was offered upon the trial, as to the laws of the State of New York.

It is unnecessary to express an opinion upon the question, whether one member of a firm can, in New York, make such an assignment, without showing the authority or consent of the other partners, as this case must be remanded.

Upon the trial of the rule why plaintiff should not be first paid out of certain property attached in the hands of *Connolly & Co.*, the assignee, *Barlow*, offered to prove the assignment by a copy of the original assignment.

*Frisby* and *Gaines* objected to the copy, because it appeared that the original was in the possession of *Barlow*, and because the copy was not an authentic copy of the deed of assignment.

The District Judge admitted the copy, and a bill of exceptions was taken to his ruling.

The court erred. The assignment is a private act, is in existence and under the control of *Barlow*.

The reason given for its non-production is, that *Barlow* may require the original, to execute his trust in New York or elsewhere.

If the court of other States would not, under such circumstances, depart from the rule, which requires the production of the best evidence, there is no reason why our courts should be less stringent in their requirements.

It is, therefore, ordered, adjudged and decreed, that the judgment upon the rule taken on the 16th of January, 1858, be avoided and reversed, and this case be remanded to the lower court, to be proceeded with according to law. Appellees to pay costs of appeal.

---

## SAME CASE—ON A RE-HEARING.

BUCHANAN, J. In the judgment rendered heretofore by this court in this case, we sustained the objection made to the admissibility of the copy of the assignment, offered in evidence by the intervenor, *Barlow*, and admitted by the court below.

GAINES
v.
PAGE.

The District Court considered the legal effect of the assignment thus proved, and held it invalid as against the attaching creditors of *Page, Bacon & Co.*

In the view that we took, in our previous judgment, of the question of evidence, and which view is unchanged, the pretended assignment of defendants to the intervenor is not proved. Our previous judgment remanded the cause for error in the ruling of the District Court, as above stated. The judgment gives the intervenor an opportunity of producing, upon another trial, legal evidence of the assignment.

The argument of the counsel of appellees, for a re-hearing, convinces us, that the intervenor is not entitled to this relief. The Code of Practice, Article 391, declares, that the intervenor must be always ready to exhibit his evidence; that he is not to be permitted to retard the principal suit. In the present case, it is clear, that if the intervenor was not provided, on the trial in the court below, with legal evidence of the assignment, which is the basis of his intervention, it was his own fault. He had the original of that assignment in his possession, and did not think fit to produce it; but deliberately risked his cause in the Louisiana court, upon a copy, reserving the original for the New York tribunals, in which, it is probable, his interest was involved to a larger amount than the judgment of the attaching creditors, who are before this court. The remanding of this cause, cannot but have the effect of retarding the suits of the appellees.

It is, therefore, ordered, adjudged and decreed, that our judgment heretofore pronounced herein, be avoided and annulled. And it is now ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.